**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

MAX BLU TECHNOLOGIES, LLC,

Plaintiff,

v.

SINGULUS TECHNOLOGIES, INC.,

Defendant.

CASE NO. 3:19-cv-01704

**JURY TRIAL DEMANDED**

## ORIGINAL COMPLAINT

Plaintiff Max Bu Technologies, LLC (hereinafter, "Plaintiff" or "Max Blu"), by and through its undersigned counsel, files this Original Complaint for Patent Infringement against Defendant Singulus Technologies, Inc. (hereinafter, "Defendant" or "Singulus") as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of certain claims of the following patents (collectively, the "Patents-in-Suit"), which were duly and legally issued by the United States Patent and Trademark Office (hereinafter, the "USPTO"), copies of which are attached hereto as **Exhibits A through F**, respectively:

| | Patent No. | Title |
|---|---|---|
| A. | 7,352,685 | REVERSE OPTICAL MASTERING FOR DATA STORAGE DISK REPLICAS |
| B. | 7,801,016 | REVERSE OPTICAL MASTERING FOR DATA STORAGE DISK REPLICAS |
| C. | 8,593,931 | REPLICA DISK FOR DATA STORAGE |
| D. | RE44633 | REVERSE OPTICAL MASTERING FOR DATA STORAGE DISK REPLICAS |
| E. | 8,705,334 | REPLICA DISK FOR DATA STORAGE |
| F. | 7,600,992 | REVERSE OPTICAL MASTERING FOR DATA STORAGE DISK STAMPER |

2. Plaintiff is the owner of the Patents-in-Suit and possesses all right, title and interest in the Patents-in-Suit, including the right to enforce the Patents-in-Suit, the right to license the Patents-in-Suit, and the right to sue Defendant for infringement and recover past damages.

3. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

4. Max Blu is a limited liability company organized and existing under the laws of the State of Texas and maintains its principal place of business at 104 East Houston Street, Suite 150, Marshall, Texas, 75670 (Harrison County).

5. Based upon public information, Singulus Technologies, Inc. is a corporation duly organized and existing under the laws of the state of Connecticut since August 24, 1995 and has its principal place of business located at 429 D. Hayden Station Rd., Windsor, Connecticut, 06095, US (Hartford County).

6. Based upon public information, Singulus is registered to do business in the state of Connecticut since its registration on August 24, 1995.

7. Defendant may be served through its registered agent, Siegel, O'Connor, Schiff & Zangari, P.C., whose address is 150 Trumbull St., Hartford, CT, 06103.

8. Based upon public information, Defendant ships, distributes, makes, uses, offers for sale, sells, and/or advertises its Blueline II™ and Blueline III™ Blu-ray™ disc production systems, which can replicate discs in Blu-ray™ format.

9. Based upon public information, Singulus sells its products in the state of Connecticut, including its Blueline II™ and Blueline III™ Blu-ray™ disc production systems, from at least its headquarters, located in the State of Connecticut.

## JURISDICTION AND VENUE

10. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

11. The Court has personal jurisdiction over Singulus because: it has minimum contacts within the State of Connecticut and in the District of Connecticut; it has purposefully availed itself of the privileges of conducting business in the State of Connecticut and in the District of Connecticut; it has sought protection and benefit from the laws of the State of Connecticut; it regularly conducts business within the State of Connecticut and within the District of Connecticut, and the causes of action arise directly from its business contacts and other activities in the State of Connecticut and in the District of Connecticut.

12. More specifically, Singulus, directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and affiliated services in the United States, the State of Connecticut, and the District of Connecticut. Based upon

public information, Singulus has committed patent infringement in the State of Connecticut and in the District of Connecticut. Singulus solicits customers in the State of Connecticut and in the District of Connecticut. Singulus has many paying customers who are residents of the State of Connecticut and the District of Connecticut and who use its products in the State of Connecticut and in the District of Connecticut.

13. Venue is proper pursuant to 28 U.S.C. §1400(b) because Singulus has a regular and established place of business in this district and, upon information and belief, has committed acts of infringement in this district.

14. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Singulus has its principal place of business in Connecticut.

**BACKGROUND INFORMATION**

15. Each of the Patents-in-Suit traces its priority date back to Application No. 09/055,825 (hereinafter, "the '825 Application"), which was filed with the USPTO on April 6, 1998, and was the parent to Application No. 09/730,246 (hereinafter, "the '246 Application"), which was filed with the USPTO on December 5, 2000 and issued as United States Patent No. 6,890,704. Application No. 09/850,252 (hereinafter, "the '252 Application") was a continuation-in-part application of the '246 Application, was filed with the USPTO on May 7, 2001, and issued as United States Patent No. 6,728,196 on April 27, 2004.

16. The Patents-in-Suit were duly and legally issued by the United States Patent and Trademark Office after full and fair examinations.

17. Plaintiff is the owner of the Patents-in-Suit, and possesses all right, title and interest in the Patents-in-Suit including the right to enforce the Patents-in-Suit, the right to license the Patents-in-Suit, and the right to sue Defendant for infringement and recover past damages.

18. Defendant sells, advertises, offers for sale, uses, or otherwise provides the Blueline II™ and Blueline III™ Blu-ray™ disc production system, which can replicate discs in Blu-ray™ format (the "Accused Products") to its customers. *See* **Exhibit G** (Bluline II whitepaper), **Exhibit H** (Bluline III whitepaper).

19. Upon information and belief, a representative analysis of the physical characteristics of Blu-ray discs created with the Accused Products is attached as **Exhibit I** (lab analysis of a Blu-ray™ disc) and **Exhibit J** (lab analysis of a Blu-ray™ disc).

20. According to public information, Defendant owns, operates, advertises, and/or controls the website www.singulus.com where Defendant advertises, sells, offers to sell, provides and/or educates customers about its Accused Products, including those depicted in **Exhibits G** and **H**.

**<u>COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,352,685</u>**

21. Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

22. United States Patent No. 7,352,685 (hereinafter, the "'685 Patent") was duly and legally issued by the USPTO on April 1, 2008 to its inventors, Jathan D. Edwards and Donald J. Kerfeld, and was initially assigned to Imation Corporation. *See* **Ex. A**.

23. The '685 Patent was issued after full and fair examination of application number 10/790,970 which was filed with the USPTO on March 2, 2004 as a continuation of application number 09/850,252 (which itself issued as United States Patent No. 6,728,196). *See* **Ex. A**.

24. A Certificate of Correction was issued for the '685 Patent on February 16, 2010. *See* **Ex. A**.

25. Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '685 Patent either literally or under the doctrine of equivalents through the manufacture and sale of the Accused Products. Specifically, Defendant has infringed and

continues to infringe one or more claims of the ’685 Patent, including at least Claims 1, 2-4, 7, 9, 19 and 20-35 (the “’685 Patent Claims”) because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises the Accused Products. More specifically, Defendant’s Accused Products infringe the ’685 Patent Claims by providing to its customers replication machines that create Blu-ray™ recordable media with the physical characteristics as claimed in the ’685 Patent Claims. *See* **Exs. I** and **J**. Defendant’s Accused Products are available for sale on its website and directly. *See* **Exs. G** and **H**.

26. Defendant has intentionally induced and continues to induce infringement of the ’685 Patent Claims in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant’s customers to use the Accused Products in an infringing manner. Despite knowledge of the ’685 Patent as early as May of 2019, Defendant continues to encourage, instruct, enable, and otherwise cause its customers to use its systems and methods, in a manner which infringes the ’685 Patent Claims. The provision of and sale of the Accused Products provides Defendant with a source of revenue and business focus. Defendant has specifically intended its customers to use the Accused Products in such a way that infringes the ’685 Patent Claims by, at a minimum, providing and supporting the Accused Products under its trademarked brand and referring to and marking the products as capable of creating Blu-ray™ compliant discs through use of such logos and terminology, thereby inducing its customers to make, use, sell, and offer to sell Blu-ray™ media that infringe the ’685 Patent Claims. Defendant knew that its actions, including but not limited to, making the Accused Products available for sale on its website and directly, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using, the Accused Products. *See* **Exs. G** and **H**.

27. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

28. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

29. Defendant's infringement of Plaintiff's rights under the '685 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,801,016**

30. Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

31. United States Patent No. 7,801,016 (hereinafter, the "'016 Patent") was duly and legally issued by the USPTO on September 21, 2010 to its inventors, Jathan D. Edwards and Donald J. Kerfeld, and was initially assigned to Imation Corporation. *See* **Ex. B**.

32. The '016 Patent was issued after full and fair examination of application number 12/584,454 which was filed with the USPTO on September 4, 2009 as a continuation of application number 10/790,965 (which itself issued as United States Patent No. 7,600,992). *See* **Ex. B**.

33. Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '016 Patent either literally or under the doctrine of equivalents through the manufacture and sale of infringing products. Specifically, Defendant has infringed and continues to infringe one or more claims of the '016 Patent, including at least Claims 1 and 3 (the "'016 Patent Claims") because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises the Accused Products. More, specifically, Defendant's Accused Products infringe the '016 Patent Claims by providing to its customers replication machines that create Blu-ray™

recordable media with the physical characteristics as claimed in the ’016 Patent Claims. *See* **Exs. I** and **J**. Defendant’s Accused Products are available for sale on its website and directly. *See* **Exs. G** and **H**.

34. Defendant has intentionally induced and continues to induce infringement of the ’016 Patent Claims in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant’s customers to use the Accused Products in an infringing manner. Despite knowledge of the ’016 Patent as early as May of 2019, Defendant continues to encourage, instruct, enable, and otherwise cause its customers to use its systems and methods, in a manner which infringes the ’016 Patent Claims. The provision of and sale of the Accused Products provides Defendant with a source of revenue and business focus. Defendant has specifically intended its customers to use the Accused Products in such a way that infringes the ’016 Patent Claims by, at a minimum, providing and supporting the Accused Products under its trademarked brand and referring to and marking the products as capable of creating Blu-ray™ compliant discs through use of such logos and terminology, thereby inducing its customers to make, use, sell, and offer to sell Blu-ray™ media that infringe the ’016 Patent Claims. Defendant knew that its actions, including but not limited to, making the Accused Products available for sale on its website and directly, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using, the Accused Products. *See* **Exs. G** and **H**.

35. Defendant’s aforesaid activities have been without authority and/or license from Plaintiff.

36. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant’s wrongful acts in an amount subject to proof at trial, which, by law, cannot

be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

37. Defendant's infringement of Plaintiff's rights under the '016 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 8,593,931**

38. Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

39. United States Patent No. 8,593,931 (hereinafter, the "'931 Patent") was duly and legally issued by the USPTO on November 26, 2013 to its inventors, Jathan D. Edwards and Donald J. Kerfeld, and was initially assigned to Legger Col. A.B. LLC. *See* Ex. C.

40. The '931 Patent was issued after full and fair examination of application number 13/730,733 which was filed with the USPTO on December 28, 2012 as a continuation of application number 13/089,994 (which itself issued as United States Patent No. 8,363,534). *See* Ex. C.

41. Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '931 Patent either literally or under the doctrine of equivalents through the manufacture and sale of infringing products. Specifically, Defendant has infringed and continues to infringe one or more claims of the '931 Patent, including at least Claims 1, 2-4, 6, 7, 9, 10, 11, 13 and 14 (the "'931 Patent Claims") because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises the Accused Products. More specifically, Defendant's Accused Products infringe the '931 Patent Claims by providing to its customers replication machines that create Blu-ray™ recordable media with the physical characteristics as claimed in the '931 Patent Claims. *See* **Exs. I** and **J**. Defendant's Accused Products are available for sale on its website and directly. *See* **Exs. G** and **H**.

42. Defendant has intentionally induced and continues to induce infringement of the ’931 Patent Claims in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant’s customers to use the Accused Products in an infringing manner. Despite knowledge of the ’931 Patent as early as May of 2019, Defendant continues to encourage, instruct, enable, and otherwise cause its customers to use its systems and methods, in a manner which infringes the ’931 Patent Claims. The provision of and sale of the Accused Products provides Defendant with a source of revenue and business focus. Defendant has specifically intended its customers to use the Accused Products in such a way that infringes the ’931 Patent Claims by, at a minimum, providing and supporting the Accused Products under its trademarked brand and referring to and marking the products as capable of creating Blu-ray™ compliant discs through use of such logos and terminology, thereby inducing its customers to make, use, sell, and offer to sell Blu-ray™ media that infringe the ’931 Patent Claims. Defendant knew that its actions, including but not limited to, making the Accused Products available for sale on its website and directly, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using, the Accused Products. *See* **Exs. G** and **H**.

43. Defendant’s aforesaid activities have been without authority and/or license from Plaintiff.

44. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant’s wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

45. Defendant's infringement of Plaintiff's rights under the '931 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

**COUNT IV: INFRINGEMENT OF U.S. PATENT NO. RE44633**

46. Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

47. United States Reissued Patent No. RE44633 (hereinafter, the "'633 Patent") was duly and legally issued by the USPTO on December 10, 2013 to its inventors, Jathan D. Edwards and Donald J. Kerfeld, and was initially assigned to Legger Col. A.B. LLC. *See* Ex. D. The '633 Patent was filed with the USPTO on September 23, 2011 as application number 13/243,939. *Id.*

48. The reexamination that resulted in the issuance of the '633 Patent was based on United States Patent No. 7,952,986 (the "'986 Patent"), which issued on May 31, 2011 from Application No. 12/852,139 and was filed with the USPTO on August 6, 2010, as a continuation of application number 12/584,454 (which itself issued as United States Patent No. 7,801,016). *See* Ex. D.

49. Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '633 Patent either literally or under the doctrine of equivalents through the manufacture and sale of infringing products. Specifically, Defendant has infringed and continues to infringe one or more claims of the '633 Patent, including at least Claims 1, 2-4, 14-16, 18 and 19 (the "'633 Patent Claims") because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises the Accused Products. More specifically, Defendant's Accused Products infringe the '633 Patent Claims by providing to its customers replication machines that create Blu-ray™ recordable media with the physical characteristics as claimed in the '633 Patent Claims. *See* **Exs. I** and **J**. Defendant's Accused Products are available for sale on its website and directly. *See* **Exs. G** and **H**.

50. Defendant has intentionally induced and continues to induce infringement of the ’633 Patent Claims in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant’s customers to use the Accused Products in an infringing manner. Despite knowledge of the ’633 Patent as early as May of 2019, Defendant continues to encourage, instruct, enable, and otherwise cause its customers to use its systems and methods, in a manner which infringes the ’633 Patent Claims. The provision of and sale of the Accused Products provides Defendant with a source of revenue and business focus. Defendant has specifically intended its customers to use the Accused Products in such a way that infringes the ’633 Patent Claims by, at a minimum, providing and supporting the Accused Products under its trademarked brand and referring to and marking the products as capable of creating Blu-ray™ compliant discs through use of such logos and terminology, thereby inducing its customers to make, use, sell, and offer to sell Blu-ray™ media that infringe the ’633 Patent Claims. Defendant knew that its actions, including but not limited to, making the Accused Products available for sale on its website and directly, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using, the Accused Products. *See* **Exs. G** and **H**.

51. Defendant’s aforesaid activities have been without authority and/or license from Plaintiff.

52. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant’s wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

53. Defendant's infringement of Plaintiff's rights under the '633 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

**COUNT V: INFRINGEMENT OF U.S. PATENT NO. 8,705,334**

54. Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

55. United States Patent No. 8,705,334 (hereinafter, the "'334 Patent") was duly and legally issued by the USPTO on April 22, 2014 to its inventors, Jathan D. Edwards and Donald J. Kerfeld, and was initially assigned to Legger Col. A.B. LLC. *See* Ex. E.

56. The '334 Patent was issued after full and fair examination of application number 14/065,337, which was filed with the USPTO on October 28, 2013 as a continuation of application number 13/730,733 (which itself issued as United States Patent No. 8,593,931). *See* Ex. E.

57. Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '334 Patent either literally or under the doctrine of equivalents through the manufacture and sale of infringing products. Specifically, Defendant has infringed and continues to infringe one or more claims of the '334 Patent, including at least Claims 1, 10, and 18 (the "'334 Patent Claims") because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises the Accused Products. More specifically, Defendant's Accused Products infringe the '334 Patent Claims by providing to its customers replication machines that create Blu-ray™ recordable media with the physical characteristics as claimed in the '334 Patent Claims. *See* **Exs. I** and **J**. Defendant's Accused Products are available for sale on its website and directly. *See* **Exs. G** and **H**.

58. Defendant has intentionally induced and continues to induce infringement of the '334 Patent Claims in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused

Defendant's customers to use the Accused Products in an infringing manner. Despite knowledge of the '334 Patent as early as May of 2019, Defendant continues to encourage, instruct, enable, and otherwise cause its customers to use its systems and methods, in a manner which infringes the '334 Patent Claims. The provision of and sale of the Accused Products provides Defendant with a source of revenue and business focus. Defendant has specifically intended its customers to use the Accused Products in such a way that infringes the '334 Patent Claims by, at a minimum, providing and supporting the Accused Products under its trademarked brand and referring to and marking the products as capable of creating Blu-ray™ compliant discs through use of such logos and terminology, thereby inducing its customers to make, use, sell, and offer to sell Blu-ray™ media that infringe the '334 Patent Claims. Defendant knew that its actions, including but not limited to, making the Accused Products available for sale on its website and directly, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using, the Accused Products. *See* **Exs. G** and **H**.

59. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

60. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

61. Defendant's infringement of Plaintiff's rights under the '334 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 7,600,992

62. Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

63. United States Patent No. 7,600,992 (hereinafter, the "'992 Patent") was duly and legally issued by the USPTO on October 13, 2009 to its inventors, Jathan D. Edwards and Donald J. Kerfeld, and was initially assigned to Imation Corp. *See* Ex. F.

64. The '992 Patent was issued after full and fair examination of application number 10/790,965, which was filed with the USPTO on March 2, 2004 as a continuation of application number as a continuation of application number 09/850,252 (which itself issued as United States Patent No. 6,728,196). *See* Ex. F.

65. Defendant has infringed and continues to infringe the '992 Patent either literally or under the doctrine of equivalents through the manufacture and sale of infringing products. Specifically, Defendant has infringed and continues to infringe one or more claims of the '992 Patent, including at least Claims 1, 2-3, 11 and 13 (the "'922 Patent Claims") because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises the Accused Products. More specifically, Defendant's Accused Products infringe the '992 Patent Claims by providing to its customers replication machines that create Blu-ray™ recordable media with the physical characteristics as claimed in the '992 Patent Claims. *See* **Exs. I** and **J**. Defendant's Accused Products are available for sale on its website and directly. *See* **Exs. G** and **H**.

66. Defendant has intentionally induced and continues to induce infringement of the '992 Patent Claims in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use the Accused Products in an infringing manner. Despite knowledge of the '992 Patent as early May of 2019, Defendant continues to encourage, instruct, enable, and otherwise cause its customers to use its systems and methods, in a manner which infringes the '992 Patent claims. The provision of and sale of the Accused Products provides Defendant with a source

of revenue and business focus. Defendant has specifically intended its customers to use the Accused Products in such a way that infringes the ’992 Patent Claims by, at a minimum, providing and supporting the Accused Products under its trademarked brand and referring to and marking the products as capable of creating Blu-ray™ compliant discs through use of such logos and terminology, thereby inducing its customers to make, use, sell, and offer to sell Blu-ray™ media that infringe the ’992 Patent Claims. Defendant knew that its actions, including but not limited to, making the Accused Products available for sale on its website and directly, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using, the Accused Products. *See* **Exs. G** and **H**.

67. Defendant’s aforesaid activities have been without authority and/or license from Plaintiff.

68. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant’s wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

69. Defendant’s infringement of Plaintiff’s rights under the ’992 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

70. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

71. Plaintiff respectfully requests the following relief:

A. An adjudication that one or more claims of the Patents-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by the Defendant;

B. An adjudication that Defendant has induced infringement of one or more claims of the Patents-in-Suit based upon at least the May of 2019 date knowledge of the Patents-in-Suit;

C. An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendant and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from further acts of infringement with respect to any one or more of the claims of the Patents-in-Suit;

E. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

F. Any further relief that this Court deems just and proper.

Dated: October 30, 2019

Respectfully submitted,

*/s/ Michael J. Kosma*
Michael J. Kosma, ct27906
**WHITMYER IP GROUP LLC**
600 Summer Street
Stamford, Connecticut 06901
Telephone: (203) 703-0800
Facsimile: (203) 703-0801
Email: mkosma@whipgroup.com
litigation@whipgroup.com

**Of Counsel:**
**HENINGER GARRISON DAVIS, LLC**
James F. McDonough, III (Bar No. 117088, GA)
Jonathan R. Miller (Bar No. 507179, GA)
Travis E. Lynch (Bar No. 162373, GA)
3621 Vinings Slope, Suite 4320
Atlanta, Georgia 30339
Telephone: (404) 996-0869, 0863, 0867
Facsimile: (205) 547-5502, 5506, 5515
Email: jmcdonough@hgdlawfirm.com
Email: jmiller@hgdlawfirm.com
Email: tlynch@hgdlawfirm.com

***Attorneys for Plaintiff***
***Max Blu Technologies, LLC***

**LIST OF EXHIBITS**

A. U.S. Patent No. 7,352,685
B. U.S. Patent No. 7,801,016
C. U.S. Patent No. 8,593,931
D. U.S. Patent No. RE44633
E. U.S. Patent No. 8,705,334
F. U.S. Patent No. 7,600,992
G. Whitepaper For BLULINE II
H. Whitepaper For BLULINE III
I. Lab Analysis Of A Blu-ray™ Disc
J. Lab Analysis Of A Blu-ray™ Disc