**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

MAX BLU TECHNOLOGIES, LLC,

Plaintiff,

v.

SINGULUS TECHNOLOGIES, INC.,

Defendant.

Civil Action No. 3:19-CV-01704-AWT

JURY TRIAL DEMANDED

## ANSWER OF DEFENDANT SINGULUS TECHNOLOGIES, INC.

Defendant Singulus Technologies Inc. ("Singulus" or "Defendant") hereby answers the Complaint for Patent Infringement (D.I. 1) ("Complaint") filed by Max Blu Technologies, LLC ("Max Blu" or "Plaintiff") as follows.

## GENERAL DENIAL

Unless specifically admitted below, Singulus denies each and every allegation, claim, and prayer for relief contained in the Complaint.

## SPECIFIC ANSWERS AND DENIALS

With respect to the Complaint's specific allegations, claims, and prayers for relief in each correspondingly numbered paragraph, Singulus responds as follows, based on information currently available to it and after a reasonable inquiry, reserving the right to amend:

1. Singulus denies that it infringes any claims of U.S. Patent Nos. 7,352,685; 7,801,016; 8,593,931; RE44633; 8,705,334; and 7,600,992. To the extent this paragraph otherwise consists of conclusions of law, no response is required.

2. Singulus lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

3. Singulus denies that injunctive relief and monetary damages are available for infringement of U.S. Patent Nos. 7,801,016; 8,593,931; RE44633; and 8,705,334, as these patents are expired. Otherwise, admitted.

4. Singulus lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

5. Admitted

6. Admitted

7. Admitted

8. Denied

9. Denied

10. Admitted

11. For purposes of this action and Answer only, Singulus does not dispute the Court's personal jurisdiction over Singulus.

12. Denied

13. For purposes of this action and Answer only, Singulus does not dispute that Venue is proper in this District. Singulus denies that it has committed acts of infringement in this district or anywhere else.

14. For purposes of this action and Answer only, Singulus does not dispute that Venue is proper in this District.

15. Denied

16. Denied

17. Singulus lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

18. Denied

19. Singulus lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

20. Denied

**<u>PLAINTIFF'S COUNT I</u>**

21. Singulus incorporates by reference its responses in the paragraphs above.

22. Denied

23. Denied

24. Admitted

25. Denied

26. Denied

27. Denied

28. Denied

29. Denied

**<u>PLAINTIFF'S COUNT II</u>**

30. Singulus incorporates by reference its responses in the paragraphs above.

31. Denied

32. Denied

33. Denied

34. Denied

35. Denied

36. Denied

37. Denied

## PLAINTIFF'S COUNT III

38. Singulus incorporates by reference its responses in the paragraphs above.

39. Denied

40. Denied

41. Denied

42. Denied

43. Denied

44. Denied

45. Denied

## PLAINTIFF'S COUNT IV

46. Singulus incorporates by reference its responses in the paragraphs above.

47. Denied

48. Denied

49. Denied

50. Denied

51. Denied

52. Denied

53. Denied

## PLAINTIFF'S COUNT V

54. Singulus incorporates by reference its responses in the paragraphs above.

55. Denied

56. Denied

57. Denied

58. Denied

59. Denied

60. Denied

61. Denied

## PLAINTIFF'S COUNT VI

62. Singulus incorporates by reference its responses in the paragraphs above.

63. Denied

64. Denied

65. Denied

66. Denied

67. Denied

68. Denied

69. Denied

## DEMAND FOR JURY TRIAL

No response is required to Plaintiff's demand for a trial by jury, but Pursuant to Fed. R. Civ. P. 38(b), Singulus hereby demands a trial by jury on all issues raised by the Complaint which are properly triable to a jury, including without limitation Singulus's defenses.

## PLAINTIFF'S PRAYER FOR RELIEF

Having responded to the allegations in the Complaint as set forth above, Singulus denies that Plaintiff is entitled to any relief requested in its Prayer for Relief.

## DEFENSES

Subject to the responses above, Singulus alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, Singulus specifically reserves all rights to allege additional defenses that become known through the course of discovery.

### First Defense – No Infringement of U.S. Patent No. 7,352,685

Singulus does not infringe and has not infringed, either literally or under the doctrine of equivalents, by direct, contributory or induced infringement, any valid and enforceable claim of U.S. Patent No. 7,352,685.

### Second Defense – No Infringement of U.S. Patent No. 7,801,016

Singulus does not infringe and has not infringed, either literally or under the doctrine of equivalents, by direct, contributory or induced infringement, any valid and enforceable claim of U.S. Patent No. 7,801,016.

### Third Defense – No Infringement of U.S. Patent No. 8,593,931

Singulus does not infringe and has not infringed, either literally or under the doctrine of equivalents, by direct, contributory or induced infringement, any valid and enforceable claim of U.S. Patent No. 8,593,931.

### Fourth Defense – No Infringement of U.S. Patent No. RE44,633

Singulus does not infringe and has not infringed, either literally or under the doctrine of equivalents, by direct, contributory or induced infringement, any valid and enforceable claim of U.S. Patent No. RE44,633.

**<u>Fifth Defense – No Infringement of U.S. Patent No. 8,705,334</u>**

Singulus does not infringe and has not infringed, either literally or under the doctrine of equivalents, by direct, contributory or induced infringement, any valid and enforceable claim of U.S. Patent No. 8,705,334.

**<u>Sixth Defense – No Infringement of U.S. Patent No. 7,600,992</u>**

Singulus does not infringe and has not infringed, either literally or under the doctrine of equivalents, by direct, contributory or induced infringement, any valid and enforceable claim of U.S. Patent No. 7,600,992.

**<u>Seventh Defense – Invalidity and Unenforceability of U.S. Patent No. 7,352,685</u>**

Each asserted claim of U.S. Patent No. 7,352,685 is invalid, unenforceable, and/or directed to unpatentable subject matter for failure to satisfy one or more of the conditions of patentability, including without limitation those set forth in 35 U.S.C. §§ 101, 102, 103, 112, 119, 120, and those associated with the judicially-created prohibition against obviousness-type double patenting.

**<u>Eighth Defense – Invalidity and Unenforceability of U.S. Patent No. 7,801,016</u>**

Each asserted claim of U.S. Patent No. 7,801,016 is invalid, unenforceable, and/or directed to unpatentable subject matter for failure to satisfy one or more of the conditions of patentability, including without limitation those set forth in 35 U.S.C. §§ 101, 102, 103, 112, 119, 120, and those associated with the judicially-created prohibition against obviousness-type double patenting.

**<u>Ninth Defense – Invalidity and Unenforceability of U.S. Patent No. 8,593,931</u>**

Each asserted claim of U.S. Patent No. 8,593,931 is invalid, unenforceable, and/or directed to unpatentable subject matter for failure to satisfy one or more of the conditions of

patentability, including without limitation those set forth in 35 U.S.C. §§ 101, 102, 103, 112, 119, 120, and those associated with the judicially-created prohibition against obviousness-type double patenting.

**Tenth Defense – Invalidity and Unenforceability of U.S. Patent No. RE44,633**

Each asserted claim of U.S. Patent No. RE44,633 is invalid, unenforceable, and/or directed to unpatentable subject matter for failure to satisfy one or more of the conditions of patentability, including without limitation those set forth in 35 U.S.C. §§ 101, 102, 103, 112, 119, 120, and those associated with the judicially-created prohibition against obviousness-type double patenting.

**Eleventh Defense – Invalidity and Unenforceability of U.S. Patent No. 8,705,334**

Each asserted claim of U.S. Patent No. 8,705,334 is invalid, unenforceable, and/or directed to unpatentable subject matter for failure to satisfy one or more of the conditions of patentability, including without limitation those set forth in 35 U.S.C. §§ 101, 102, 103, 112, 119, 120, and those associated with the judicially-created prohibition against obviousness-type double patenting.

**Twelfth Defense – Invalidity and Unenforceability of U.S. Patent No. 7,600,992**

Each asserted claim of U.S. Patent No. 7,600,992 is invalid, unenforceable, and/or directed to unpatentable subject matter for failure to satisfy one or more of the conditions of patentability, including without limitation those set forth in 35 U.S.C. §§ 101, 102, 103, 112, 119, 120, and those associated with the judicially-created prohibition against obviousness-type double patenting.

**Thirteenth Defense –Estoppel and Equitable Relief**

Because of statements and/or representations made to and by the U.S. Patent and Trademark Office while prosecuting the patents identified in the Complaint, Plaintiff's claims for relief are barred by one or more of the doctrines of judicial estoppel, agency estoppel, prosecution history estoppel, waiver, acquiescence, and/or unclean hands.

**Fourteenth Defense - Marking**

Under 35 U.S.C. § 287, Plaintiff cannot recover any damages from Singulus under U.S. Patent Nos. 7,801,016; 8,593,931; RE44633; and 8,705,334 because Plaintiff and its predecessors failed to mark their products with these patent numbers, failed to ensure that their licensees marked their products with these patent numbers, and failed to provide actual notice of infringement to Singulus before the expiration of these patents. Under 35 U.S.C. § 287, Plaintiff cannot recover damages from Singulus under U.S. Patent Nos. 7,352,685 and 7,600,992 for any acts preceding the filing of its Complaint, because Plaintiff and its predecessors failed to mark their products, failed to ensure that their licensees marked their products, and failed to provide actual notice of infringement to Singulus before Plaintiff filed its Complaint.

**Fifteenth Defense - Other Limitations on Patent Damages**

Plaintiff's claims for damages against Singulus are limited by 35 U.S.C. §§ 286 and/or 288.

**Sixteenth Defense - Lack of Diligence**

Plaintiff has failed to conduct sufficient diligence under Fed. R. Civ. P. 11 to establish evidentiary support for its allegations, including but not limited to its allegations (as best understood) that Singulus "continues to encourage, instruct, enable, and otherwise cause its

customers to use its systems and methods, in a manner which infringes the [claims of the patents identified in the Complaint].”

**Seventeenth Defense - Laches**

Due to Plaintiff’s unreasonable, inexcusable, and prejudicial delay in asserting one or more of the patents identified in the Complaint, Plaintiff’s claim for injunctive relief is now barred in whole or in part by the doctrine of laches.

**Eighteenth Defense - License**

Plaintiff’s claims for relief are barred by one or more licenses entered into with a customer of Singulus or its parent or affiliate.

**Nineteenth Defense - Exhaustion**

Plaintiff’s alleged patent rights in one or more products identified in the Complaint were exhausted prior to any alleged sale of those products or other accused act by Singulus.

**SINGULUS’S PRAYER FOR RELIEF**

WHEREFORE, Singulus respectfully requests that the Court enter an Order and Judgment against Plaintiff as follows:

A. A dismissal with prejudice of Plaintiff’s action against Singulus;

B. A denial of any and all relief sought by Plaintiff;

C. A declaration that Singulus does not infringe and has not infringed, either literally or under the doctrine of equivalents, by direct, contributory or induced infringement, each and every valid and enforceable claim of U.S. Patent Nos. 7,352,685; 7,801,016; 8,593,931; RE44633; 8,705,334; and 7,600,992.

D. A declaration that the claims of U.S. Patent Nos. 7,352,685; 7,801,016; 8,593,931; RE44633; 8,705,334; and 7,600,992 are invalid and/or unenforceable;

E. A judgment limiting or barring Plaintiff's ability to enforce in equity U.S. Patent Nos. 7,352,685; 7,801,016; 8,593,931; RE44633; 8,705,334; and 7,600,992;

F. A judgment that Plaintiff failed to conduct diligence under Fed. R. Civ. P. 11 before bringing its Complaint;

G. A judgment that Plaintiff's case against Singulus is exceptional under 35 U.S.C. § 285;

H. An award to Singulus of its attorneys' fees and costs incurred in connection with this action;

I. An injunction barring Plaintiff, its agents, attorneys, affiliates, and all persons acting on behalf or in concert with Plaintiff from alleging that Singulus infringes any claim of U.S. Patent Nos. 7,352,685; 7,801,016; 8,593,931; RE44633; 8,705,334; and 7,600,992; and

J. Such other and further relief as the Court deems just and proper.

///

///

///

///

///

///

///

///

///

Dated: January 22, 2020

Respectfully submitted,

*/s/ Matthew J. Moffa*
William J. McCabe, PHV 10412
WMcCabe@PerkinsCoie.com
Matthew J. Moffa, PHV 10410
MMoffa@PerkinsCoie.com
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Phone: (212) 262-6900
Fax: (212) 977-1649

Michael J. Spagnola ct26717
Siegel, O'Connor, O'Donnell & Beck, P.C.
150 Trumbull Street
Hartford, Connecticut 06103
(860) 727-8900 (telephone)
(860) 527-5131 (fax)
mspagnola@siegeloconnor.com

*Attorneys for Defendant Singulus Technologies Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2020, a copy of the foregoing Answer was filed electronically and served by certified mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court’s electronic filing system of by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court’s CM/ECF System.

*/s/ Matthew J. Moffa*
Matthew J. Moffa